Alright we have one more matter I think. In re. Lacher, Pamela Lacher-Pellant, Jeffrey D. Schreiber, Counsel for Appalese John M. Lane, and Sue Lane. Okay Ms. Lacher you want to make your appearance? Can you hear and see me? Yes. I want to reserve some time and go ahead. Please five minutes. Okay and go ahead and make your appearance just for the record okay? Pam Lacher on behalf of myself. Okay. Alright go ahead. Oh okay sorry I thought he was going to make his appearance. Okay so your honor I think that your honors I think this is an interesting issue of first impression where you have a substantive right of a debtor that they would be able to exercise in the state court would exercise by the creditor twenty million years ago and instead the creditor takes the or to exercise their right in a non-dischargeability claim. And the issue is the intersection of the 52386 with a specific section of the anti-slap statute 425.18 which has not yet been addressed by the 9th circuit. And the issue with respect to 425.18 is that it is a very specific the whole California anti-slap statute is a very specific statute again made specifically for protection of a debtor's or actually litigants right to free speech. That protected right results in results in an anti-slap judgment it's not necessarily because the debtor lost on the merits it's not necessarily because the loser debtor had a bad had a bad faith claim they lost because of a statutory if they get fees against them and they lose they could lose and get a statutory penalty. And the statute distinguishes specifically between statutory penalties and tort claim. And there in the willful and malicious injury standard if you if you look at the two in the intersection of the two together under willful and malicious injury you need to apply or find some tort that that applies from the specific state you're in in the statutes. Here the specific tort arises specifically out of California's anti-slap statute. And the and the legislature specifically said that an abusive process a malicious prosecution that those are special torts specifically out of and they treat are treated differently from an abusive process or in a malicious prosecution in a standard lawsuit. And so the the issue is that if you allow or don't allow an anti-slap statute to be applied against the willful and malicious injury claim the debtor loses the protection of the anti-slap statute that the California legislature gave the debtor. Because the California legislature said just because you lose doesn't mean that that's the end of the game. It means you pay a statutory penalty sort of like discovery costs. It's to compensate for litigation costs. If you suffer more and you win the anti-slap motion then you can say I have tort damages. But to get tort damages you have to exercise your right to those tort damages. Ms. Latcher let me take you back to maybe a threshold issue here. And before you go on and I'm concerned about the gopher media case. The Ninth Circuit held that an order denying a special motion to strike under California's anti-slap statute is not appealable. Okay so can we even get to the merits of your argument? So why do we have jurisdiction in light of gopher? Okay so actually I had filed a motion addressed to that issue and I and I apologize I assume that the denial of the motion in the setting of the oral argument meant that we had already gotten past that. But gopher media actually says it's not an immediately appealable order under the collateral order doctrine. But that doesn't get you out of the idea that you can still request for an interlocutory appeal because there's a specific kind of issue. But your motion for interlocutory appeal was denied. But we still set oral arguments so I was confused because the my opponent actually asked to dismiss for lack of jurisdiction and we're still here. So I guess if we're still litigating that I don't know if we're still litigating that issue or we're not. And if we are I guess it is a threshold issue that I think we have to decide so it's important for you to address it. Okay I appreciate that then. So in in this case the the underlying well the the the reason that you should retain jurisdiction over this is for the fact that the Ninth Circuit has yet to decide the applicability of California's anti-slap statute overall. It's still retained right now. Gopher media hasn't gotten rid of it. Right now it's my understanding from the case law that the Ninth Circuit treats the anti-slap statute or California's anti-slap statute as substantive. But there's definitely there's definitely a concern as to whether it's a substantive or a procedural type of type of claim. My argument is it's a substantive claim and if you don't use it as a substantive claim you deny a debtor like me a right that I would have had had this case been kind of like the discussion you've been having with everybody else before me today what I've had what would have happened if this if I didn't declare bankruptcy and the lanes went to the state court and attempted to do this 20 years later they would have been kicked out of the water because I would have filed an anti-slap statute 425.18 says I have a right to do so. I would have done done my motion and they would have lost because they would have been kicked out of the water because it's too late. Or the converse the Carol B. Bower case that comes out of our southern district says that the mere filing and so does California law the mere filing of a slap of a slap suit in and of itself is not an abusive process. So the only way you ever get to a willful malicious injury claim is if you you can figure out some tort and that tort arises in the anti-slap statute. And I believe that this is a case of first impression because there are no cases that discuss where a creditor used the anti-slap statute as a shield to get a case dismissed early on and now is using that same statute in order to preclude a debtor from getting a discharge but without having the debtor the ability to use the anti-slap statute to protect themselves. So the creditor gets to use the statute but the debtor doesn't. And I know that I wrote in my in my brief about pendant state law claims and I realize it doesn't really qualify as a pendant state law claim however it is so intimately intertwined that they're inseparable from each other. And I guess arguably I would say that a that a federal court could hear the assuming it wasn't belated could hear the 425.18 claim concurrent with the statute. So what I'm I'm saying is that the for the jurisdiction issue that this court should hear it because it's a matter of public importance. It addresses the substantive versus procedural issues that reign throughout the ninth circuit right now and go for me to discuss is that it discusses the ability it discusses the for the first time the the use of an anti-slap statute to a federal question. I have realized that a 52386 claim is a federal question jurisdiction. I realize Erie applies to diversity jurisdiction. I realize I don't have a complete pendant state law claim. However the the way that the way that this judgment seeks to seeks to get get around dischargeability is by a by by basically making a claim that arises from the filing of a lawsuit deemed a slap that ultimately if there were tort damages the creditor would have had to exercise their rights to do. And so I think it's a matter of public importance for I want to say for lawyers who litigate all the time for us to to to know the parameters of anti-slap. Some sections of anti-slap I noted in my brief apply and other ones don't. So like the order I had I asked for the stay to that section that's immediately appealable in state court but it was denied but it was denied based on using California bankruptcy law or or federal law and not using California's anti-slap statute. And I think it's important for the court to to resolve these issues because so for example let's just say that you rule in my favor the anti-slap statute applies I've now spent another however long it's been since it took me to get to this point litigating in the bankruptcy court where I have a substantive right to stop this whole litigation. Which also puts us into the second part I was going to ask before I started my argument. I didn't know the scope based on the original appealable order real original jurisdiction issue the scope that you guys left me with was the denial of the anti-slap and that denial requires looking at both prongs one and prong two of the statute because automatically my speech under California law is protected speech. So I automatically qualify as protected and I'm not protected because I'm in the bankruptcy court right now where the federal law hasn't said that my statute that I can use to protect myself applies to as a shield. And it's being used against me more than once in order to to deprive me of rights that I that I personally have in the state law in the state in the state of California that wouldn't exist in the bankruptcy or the creditors wouldn't be able to pursue unless they were in the bankruptcy right now. I know there's you know I'll point out if this is a good place to pause you're right at about five minutes for what it's worth. Okay thank you. Oh sure you bet okay okay let's hear from the appellee. Thank you your honors. Jeff Schreiber on behalf of the appellant John Lane. Going to the first point that was raised by court. Gopher Media our position is that Gopher Media has now invested this court of jurisdiction to hear this appeal because it is an interlocutory appeal from a motion to dismiss based upon the slap statute. So at this point in time the courts should dismiss it on the basis of lack of jurisdiction based on the Gopher Media case. Secondly because of I'm still struggling to find out where Ms. Latcher is going with this because the whole issue here of this anti-slap statute we can see that it is available to people in federal court but it is only available in federal court for diversity actions and for where there are pendent or supplemental claims to a pending federal question. This case is a bankruptcy statute. It is solely a bankruptcy statute. It's just willful malicious injury. It has nothing to do with anything other than a federal question and it is very clear under this court's holding in Restino, Wogtrotter, Hilton versus Hallmark Cards, Lockheed there's been consistency that the anti-slap statute in California has no application in cases involving federal questions and only federal questions. She's trying to I don't know whether it's appropriately called muddle it but she's telling us that she admits that it's not a pendent claim but says that it is a pendent claim. Actually it is not a pendent claim. It's pretty clear that this is a bankruptcy statute federal question issue and that's all we have here. Further just for one more point this is not just a slap issue where the whole thing comes about is it's her subsequent conduct in trying to enforce the judgment that was based upon the slap statute. There was raising all the point that Judge Trapp in San Diego County Superior Court has specific findings of contempt under state law statutes and ordered the Pelley's money damages because of the fact that she had willfully and deliberately disobeyed court orders that have been issued to her. So this is not just a slap statute issue. In fact that was just the genesis but it is not the basis for where we're going with this. She filed several motions. She went to the appellate court in San Diego. The California Court of Appeals found that her appeals were frivolous. So we're talking about not just anti-slap statute which has no application but even if it did there are other issues here which are in the complaint for non-dischargeability which have to do with damages which were the result of trying to enforce this judgment against her and her conduct trying to keep us from being able to collect on the judgment. So at this point in time I'm going to submit on that unless the court has any other questions of me. I don't. Thank you. No more questions. Thank you very much. Thank you your honors. Okay and Ms. Locker you've got a little under five. Yes your honor. So if you look at the actual anti-slap statute subsequent conduct 10 years later doesn't arise from the filing of the lawsuit and every single act that would be done within the confines of that judgment is considered a slap judgment and part of the slap judgment. So for example the appeal is part of the um a discovery request well discovery isn't if they if they if they I don't know um the issue were writ and they win the issue they automatically get fees because of the slap statute but the slap statute is clear that in that this is that subsequent conduct 10 years later as they're trying to argue is not doesn't fall within the slap statute the slap statute is standing on Secondly the bankruptcy court subsequent to um um subsequent to our appeal has made several orders that are or and in relation to our appeal have made several orders that are important to this. Number one the bankruptcy court denied collateral estoppel effect to the contempt judgment. Number two it's already made a ruling that there's no abusive process on the filing of a mere filing of the slap statute which is what Carol B. Bowers says and the tortious conduct that we're talking about can't be separated out from the slap statute. Under the slap statute the legislature is clear that in order to get tort conduct damages as he's trying to say tortious damages there's no proximate cause you the the statute says it is a statutory penalty only and that the tortious damages have to arise from the creditor serving a suit on the debtor and proving their point. This actual underlying judgment there's it wasn't on the merits it was a judgment because there was no opposition on file the court actually gave me leave to amend my original lawsuit and there's actually a law that says and I didn't know we were getting into the merits of this as counsel did but there's law that actually says that um that essentially if you grant leave to amend under the anti-slap statute is a legally impermissible exercise of the court's jurisdiction which would make this judgment void on its face into grant fees and in this case the actual fact pattern shows that it was that the slap statute this slap motion was twice denied as moot and only brought back because the court thought that it had had to award fees because they granted the motion to this they granted the demur because I had no opposition on file and so this whole judgment actually is void what we didn't talk about also is I have a satisfaction that's never been vacated that satisfaction that's never been vacated makes all these subsequent orders void as a matter of California law and so I didn't have to comply with any of those regardless of the merits of them or whether they're valid or a court sanctioned me the there's there's a whole body of legal issues that arise around the underlying facts let alone litigate litigation privilege but as far as applicability of the statute the in order for them if the if the court denies denies the use of this anti-slap statute or denies jurisdiction that means the creditor has gets to bypass the statute itself and here in bankruptcy court the creditor gets to say oh you proximately cause damage but I don't have tort damages because the statute in the case law that I think the supplemental supplemental authorities I filed the other day actually says that there is no proximate cause even if I did everything they say I did and I was all wrong they don't have tort damages and therein is the fallout why you have to allow somebody to apply the anti-slap statute to the 52386 claim otherwise you take away you turn you relabel what California calls a statutory penalty and you make it a tortious conduct which is contrary to to actual anti-slap statute and I would one thing I didn't argue is that you have to actually comply with statute limitations and affect your rights before you can be a creditor and come here they didn't do any of that if they if I did all these bad things to them they had 16 years to actually go file a lawsuit against me um and get tort damages the statute even allows them to ask permission for that but but um the underlying statute it's been satisfied um the bankruptcy court said no collateral estoppel to any of the the contempt or any of the orders already a ruling of no abuse of process so this whole theory about my abuse to process that's all down if we're talking about post-conduct um um since I didn't know we were going there the state bar has already admitted the bankruptcy court did not find or conclude that I engaged in misconduct and there's a summary adjudication motion now pending um the supreme court as the court knows remanded it back and didn't affirm any of those findings so there's a lot more than counsel says this looks bad on the outside so okay that might that might be a good place to rest okay we're a little over your time okay so the matter's submitted thank you very much thanks for your good arguments and we'll get you a written decision as soon as we can and with that I think we're adjourned right okay thank you very much thanks everyone all rise the court has completed its session the session is now adjourned
judges: Lafferty, Corbit, and Niemann